# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case Nos. CR-09-81-F |
| | ) | CIV-20-241-F |
| MARCUS DEWAYNE OAKES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

### I.

On July 8, 2016, defendant, Marcus Dewayne Oakes, filed a motion seeking authorization from the Tenth Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence under 18 U.S.C. § 924(c).  Doc. no. 165.  Defendant's application was based on Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague.

That same day, the Tenth Circuit abated defendant's motion pending resolution of the issue of whether the similarly worded residual clause of § 924(c) is unconstitutionally vague.  Doc. no. 166.  Almost three years later, on June 24, 2019, the Supreme Court issued its opinion in United States v. Davis, 139 S.Ct. 2319 (2019), invalidating the residual clause of § 924(c) as unconstitutionally vague.

On January 3, 2020, the Tenth Circuit granted defendant authorization to file a second or successive § 2255 motion in this court challenging his § 924(c)

conviction and sentence under <u>Davis</u>. Doc. no. 204. In its order, the Tenth Circuit did not transfer any proposed § 2255 motion to this court. Prior to issuing its order, the Tenth Circuit had directed defendant to supplement his motion for authorization and any proposed § 2255 motion addressing, in part, the implication of <u>Davis</u>. The Tenth Circuit record reflects that the order was returned undelivered. Therefore, defendant did not file any supplement.

Because the Tenth Circuit did not transfer any proposed § 2255 motion, this court did not have a § 2255 motion to adjudicate. Hence, the court directed defendant, if he so desired, to file a second or successive § 2255 motion challenging his § 924(c) conviction and sentence under <u>Davis</u>. Doc. no. 205.

In accordance with the court's order, defendant filed his second or successive motion under 28 U.S.C. § 2255. Doc. no. 206. Upon review, the court noted that defendant had requested to add "Ground (2) to his motion: Fraud upon the Court, Miscarriage of Justice/Factually innocent." *Id*. at p. 1. Because the Tenth Circuit did not authorize defendant to file a second or successive § 2255 motion based upon that ground, the court found that it lacked jurisdiction to address it. 28 U.S.C. §2244(b)(3)(A); 28 U.S.C. §2255(h); *see also*, <u>United States v. Williams</u>, 790 F.3d 1059, 1073, 1076-1077 (10th Cir. 2015). Doc. no. 208. The court declined to transfer defendant's motion to the Tenth Circuit for a determination of whether defendant may proceed with challenging his § 924(c) conviction and sentence based upon "Ground (2)," finding that defendant had not shown that he could satisfy the requirements of 28 U.S.C. § 2255(h). *Id*. Consequently, the court dismissed "Ground (2)" of defendant's second or successive motion under 28 U.S.C. § 2255 for lack of jurisdiction. *Id*.

The court directed plaintiff, United States of America, to respond to defendant's second or successive motion under 28 U.S.C. § 2255, to the extent it

challenged defendant's 18 U.S.C. § 924(c) conviction and sentence based upon <u>Davis</u>. Doc. no. 208. Plaintiff timely responded to the motion on June 17, 2020. Doc. no. 209. The time for defendant to reply to the motion has expired. The court therefore proceeds with a ruling on defendant's second or successive § 2255 motion.

II.

Defendant was charged by indictment with attempted carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119 and 2 (Count 1), brandishing a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 2), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3). Doc. no. 18. Defendant agreed to plead guilty to Count 2. The court accepted defendant's plea and sentenced him to a term of imprisonment of 84 months. Doc. no. 122. The other charged crimes were dismissed. Doc. no. 123.

Section 924(c) provides for a minimum seven-year sentence for a person who brandishes a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A)(ii). The statute defines the term "crime of violence" as a felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Section 924(c)(3)(A) is often referred to as the "elements clause," while § 924(c)(3)(B) is often referred to as the "residual clause." *See*, <u>Davis</u>, 139 S.Ct.

3

at 2324.  As stated, the Supreme Court in <u>Davis</u> invalidated the residual clause as unconstitutionally vague.  *Id*. at 2336.  In <u>United States v. Bowen</u>, 936 F.3d 1091 (10th Cir. 2019), the Tenth Circuit determined the Supreme "Court's ruling in *Davis* . . . is a new constitutional rule that is retroactive on collateral review."  *Id*. at 1097-1098.

Under <u>Davis</u>, defendant cannot be guilty of violating § 924(c)(1)(A) if his predicate offense, attempted carjacking, qualifies as a crime of violence only under § 924(c)(3)(B)'s residual clause.  <u>Bowen</u>, 936 F.3d at 1101.  Consequently, the court must determine whether attempted carjacking qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause, that is, whether it "has as an element of the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The Tenth Circuit has recently determined that armed carjacking in violation of 18 U.S.C. § 2119 constitutes a crime of violence under the elements clause of § 924(c)(3)(A).  <u>United States v. Kundo</u>, 743 Fed. Appx. 201, 203 (10th Cir. 2018) (unpublished decision cited as persuasive under 10th Cir. R. 32.1(A)).  In <u>United States v. St. Hubert</u>, 909 F.3d 335, 352 (11th Cir. 2018), the Eleventh Circuit held that, where a particular substantive federal offense qualifies as a crime of violence under the elements clause of § 924(c), an attempt to commit that offense is also a crime of violence, "given § 924(c)'s 'statutory specification that an element of attempted force operates the same as an element of completed force.'"[1]  And in <u>Ovalles v. United States</u>, 905 F.3d 1300 (11th Cir. 2018), the Eleventh Circuit specifically ruled that attempted carjacking categorically qualifies as a crime of

---

[1] *Accord*, <u>United States v. Smith</u>, 957 F.3d 590, 595-596 (5th Cir. 2020); <u>United States v. Dominguez</u>, 954 F.3d 1251, 1255 (9th Cir. 2020); <u>United States v. Ingram</u>, 947 F.3d 1021, 1026 (7th Cir. 2020) (citing <u>Hill v. United States</u>, 877 F.3d 717, 719 (7th Cir. 2017)).

violence under the elements clause of § 924(c)(3)(A). *See*, *id.* at 1306 ("Even assuming that the substantial step itself in an attempted carjacking offense falls short of actual or threatened violence, we also conclude that because a completed carjacking qualifies as a crime of violence, an attempt to commit that violent offense constitutes a crime of violence."), *cert. denied*, 139 S.Ct. 2716 (2019). The court follows the reasoning of the Eleventh Circuit and finds that defendant's predicate offense of attempted carjacking falls within the elements clause of § 924(c)(3)(A). In so finding, the court notes that the Tenth Circuit has previously followed the Eleventh Circuit's reasoning in St. Hubert to conclude that an attempted armed bank robbery would trigger the elements clause of § 924(c)(3)(A). *See*, United States v. Rinker, 746 Fed. Appx. 769, 772, n. 19 (10th Cir. 2018) (unpublished decision cited as persuasive under 10th Cir. R. 32.1(A)). Because the elements clause of § 924(c)(3)(A) applies, the Supreme Court's decision in Davis, invalidating the residual clause of § 924(c)(3)(B), does not afford defendant relief under § 2255. The court therefore concludes that defendant's § 2255 motion must be denied.

## III.

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, defendant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review, the court finds that defendant cannot satisfy this showing. The court thus denies defendant a certificate of appealability.

IV.

Accordingly, for the reasons stated, defendant's second or successive motion under 28 U.S.C. § 2255, to the extent it challenges defendant's 18 U.S.C. § 924(c) conviction and sentence based upon United States v. Davis, 139 S.Ct. 2319 (2019) (doc. no. 206), is **DENIED**.  A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 9th day of July, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0081p003.docx